UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ZEFERINO CELSO MORALES AURELIA,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 22-cv-1676-JPG

Criminal No 20-cr-40020-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Zeferino Celso Morales Aurelia's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). In November 2020, the petitioner pled guilty to one count of attempted enticement of a minor to engage in criminal sexual activity in violation of 18 U.S.C. § 2422(b). The Court sentenced the petitioner to serve 120 months in prison, the mandatory statutory minimum sentence. The petitioner appealed his conviction to the United States Court of Appeals for the Seventh Circuit, which granted petitioner's counsel's motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), and dismissed the appeal in October 2021. *United States v. Morales Aurelia*, No. 21-cv-1442, 2021 WL 4894486 (7th Cir. Oct. 20, 2021). The petitioner did not seek a writ of *certiorari* from the United States Supreme Court.

**I.**    **§ 2255 Motion**

In his timely § 2255 motion, the petitioner raises the following claims of ineffective assistance of counsel at the trial and appellate level in violation of his Sixth Amendment right to counsel:

1. Failure to investigate the case or obtain the video to support the factual basis for the guilty plea;

2. Failure to object during the Rule 11 plea colloquy to preserve issues for sentencing and appeal;

3. Failure to object to the presentence investigation report ("PSR") before sentencing;

4. Failure to argue for application of the safety valve or seek a downward departure under United States Sentencing Guideline Manual ("U.S.S.G.") § 5C1.2 and 18 U.S.C. § 3553(f);

5. Failure to argue for application of an early disposition program (often referred to as a fast-track downward departure) under U.S.S.G. § 5K3.1 available to aliens subject to deportation; and

6. Failure to argue that, in light of the language barrier, the petitioner did not understand the proceedings.

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court has determined that it is plain from the motion and the record of the prior proceedings that the petitioner is not entitled to relief on his motion.

## II.   Analysis

The Court must grant a § 2255 motion when a petitioner's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). However, "[r]elief under § 2255 is available 'only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice.'" *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014) (quoting *Blake v. United States,* 723 F.3d 870, 878-79 (7th Cir. 2013)). It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Shipman v. United States*, 925 F.3d 938, 943 (7th Cir. 2019).

The petitioner asserts violations of his Sixth Amendment right to counsel. The Sixth

Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence."  U.S. Const. amend. VI.  This right to assistance of counsel encompasses the right to *effective* assistance of counsel.  *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970); *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009).  A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense.  *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *Groves v. United States*, 755 F.3d 588, 591 (7th Cir. 2014); *United States v. Jones*, 635 F.3d 909, 915 (7th Cir. 2011); *Wyatt v. United States*, 574 F.3d 455, 457 (7th Cir. 2009).

To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel.  *Wyatt*, 574 F.3d at 458.  The Court must then consider whether in light of all of the circumstances counsel's performance was outside the wide range of professionally competent assistance.  *Id.*  To satisfy the second prong of the *Strickland* test, the plaintiff "must demonstrate 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.'"  *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 694); *accord Groves*, 755 F.3d at 591; *Jones*, 635 F.3d at 915.

In a case where a petitioner pled guilty allegedly as a result of alleged ineffective assistance of counsel, to satisfy the first prong of the *Strickland* test, the petitioner must show that counsel's advice leading to the plea was outside the range of professionally competent assistance.  *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985) (citing *McMann*, 397 U.S. at 771;

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973)).  To satisfy the second *Strickland* prong, he must show that there is a reasonable probability that, but for counsel's deficient performance, he would not have entered a guilty plea and instead would have gone to trial.  *Lee v. United States*, 137 S. Ct. 1958, 1965 (2017); *Hill*, 474 U.S. at 59; *United States v. Parker*, 609 F.3d 891, 894 (7th Cir. 2010); *Wyatt*, 574 F.3d at 458; *Richardson v. United States*, 379 F.3d 485, 487 (7th Cir. 2004).

Morales Aurelia focuses on two main alleged instances of ineffective assistance—¶¶ 4 and 5 listed above—and only mentions the others in passing.  The Court will therefore focus on those arguments and only briefly address the others.

    A.    ¶ 4:   Failure to Argue for Application of the Safety Valve

The safety valve, embodied in U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f), is designed to relieve offenders from statutory minimum sentences when they are "first-time, non-violent drug offenders who were not organizers of criminal activity and who have made a good-faith effort to cooperate with the government."  *United States v. Draheim*, 958 F.3d 651, 656 (7th Cir. 2020) (internal quotations and citations omitted).  As suggested by this description, it is limited to offenders convicted of certain drug crimes under the Controlled Substances Act, 21 U.S.C. §§ 841, 844, 846, the Controlled Substances Import and Export Act, 21 U.S.C. §§960, 963, and, after § 402(a)(1)(A) of the First Step Act of 2018, federal maritime drug laws, 46 U.S.C. §§ 70503, 70506.  18 U.S.C. § 3553(f).

Morales Aurelia was not eligible for the safety valve because he was not convicted of one of the drug crimes to which it applies.  The safety valve does not apply to sentencing for the offense of attempted enticement of a minor to engage in criminal sexual activity in violation of 18 U.S.C. § 2422(b).  Therefore, his counsel was not deficient for failing to ask for application

4

of the safety valve, and Morales Aurelia did not suffer prejudice from her failure. Had she asked the Court to apply the safety valve, the Court would have refused and would have sentenced the petitioner to the same sentence. Morales Aurelia is not entitled to § 2255 relief on this basis.

  B.  ¶ 5: Failure to Argue for Application of an Early Disposition Program

Early disposition programs, also called fast-track programs, were first formally recognized by the Prosecutorial Remedies and Tools Against the Exploitation of Children Today Act of 2003 ("PROTECT Act"), Pub. L. No. 108-21, 117 Stat. 650 (2003). The PROTECT Act allowed the Attorney General to establish structured fast-track programs in an effort to relieve a district of the administrative burden of certain crimes common in that district such as, for example, criminal immigration cases. *United States v. Reyes-Hernandez*, 624 F.3d 405, 410 (7th Cir. 2010). Fast-track programs are reflected in U.S.S.G. § 5K3.1, which allows a court to depart downward by no more than four levels upon motion of the Government pursuant to an official fast-track program in that district. In order to benefit from a fast-track downward departure, a defendant must agree to the factual basis for the crime and waive certain pretrial, appeal, and collateral attack rights. *Id.* at 411 (citing *Memorandum from Attorney General John Ashcroft Setting Forth Justice Department's "Fast-Track" Policies* (Sept. 22, 2003), 16 Fed. Sent'g Rep. 134, 2003 WL 23475483 (Dec. 2003)).

Initially, fast-track programs were implemented on a district-by-district basis. However, in light of concerns about disparity in treatment between defendants based solely on geography, the Department of Justice changed its policy to establish uniform, baseline eligibility standards for fast-track treatment of defendants charged with illegal reentry in violation of 8 U.S.C. § 1326 no matter where they are prosecuted. *Memorandum For All United States Attorneys From*

*Deputy Attorney General James M. Cole re: Department Policy on Early Disposition or "Fast-Track" Programs* (Jan. 31, 2012), 25 Fed. Sent'g. Rep. 52, 2012 WL 6620439 (Oct. 2012).

As with the safety valve, discussed above, Morales Aurelia was not eligible for prosecution under a fast-track program. The uniform, baseline eligibility standards established by the Department of Justice apply only to illegal reentry offenses. And there is no independent fast-track program in this judicial district for the offense of attempted enticement of a minor to engage in criminal sexual activity in violation of 18 U.S.C. § 2422(b). In sum, there is no established fast-track program under which the Government would be authorized to request an early disposition offense level reduction under U.S.S.G. § 5K3.1. Counsel was not deficient for failing to ask for something that was not available, and Morales Aurelia suffered no prejudice from her failing to make that frivolous request. Furthermore, a 4-level reduction in the petitioner's offense level would not have changed his sentence, which was based on a statutory minimum rather than the otherwise applicable guideline range. Morales Aurelia is not entitled to § 2255 relief on this basis.

    C.    <u>Other Allegations of Ineffectiveness</u>

The remainder of Morales Aurelia's arguments are not developed and appear to be part of a boilerplate motion not tailored to his specific case. Nevertheless, the Court addresses them briefly regarding any application they may have to Morales Aurelia's case.

    1.    ¶ 1:   <u>Failure to Investigate</u>

Morales Aurelia asserts that his counsel was constitutionally ineffective because she failed to investigate the case or obtain a video regarding the factual basis for his guilty plea.

An attorney has "a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland v. Washington*, 466 U.S.

668, 691 (1984); *accord Long v. United States*, 847 F.3d 916, 922 (7th Cir. 2017);   When a petitioner accuses his counsel of failing to investigate his case, in order to establish prejudice he must point to "sufficiently precise information, that is, a comprehensive showing as to what the investigation would have produced."   *Hardamon v. United States*, 319 F.3d 943, 951 (7th Cir. 2003) (internal quotations and citation omitted); *accord Long*, 847 F.3d at 920; *Richardson v. United States*, 379 F.3d 485, 488 (7th Cir. 2004).   He cannot rely on vague allegations that the investigation was insufficient or would have yielded favorable evidence.   *See Hardamon*, 319 F.3d at 951; *see Long*, 847 F.3d at 920.

Morales Aurelia has not alleged anything suggesting prejudice.   The evidence the Government cited in the factual basis included text conversations and pictures exchanged with an undercover agent on an internet application, live observations of law enforcement officers surveilling the scene where the defendant proposed to meet someone he believed was a minor, and admissions by the defendant himself in a post-incident interview.   Morales Aurelia has not suggested what counsel could have uncovered in a more thorough investigation that would have had a reasonable chance of outweighing the strong evidence the Government had to support its case or of resulting in the petitioner's deciding not to plead guilty.   As for counsel's failure to obtain a video, there is no evidence that any video existed or that such a video was necessary for—or even relevant to—his conviction.   Morales Aurelia is not entitled to § 2255 relief on this basis.

    2.    ¶ 2:   Failure to Object During the Plea Hearing

Morales Aurelia asserts that his counsel was constitutionally ineffective because she failed to object at his guilty plea hearing to preserve issues for sentencing and appeal.   He has not specified what objections she should have made and, indeed, the plea colloquy substantially

complied with Rule 11.  As with asserting the failure to investigate, asserting the failure to object or make certain arguments must be supported by the specific objections or arguments the petitioner thinks counsel should have made and why they would have had a reasonable probability of changing the result of the proceeding.  *Warren v. Baenen*, 712 F.3d 1090, 1104 (7th Cir. 2013); *Fuller v. United States*, 398 F.3d 644, 652 (7th Cir. 2005); *Whitehead v. Cowan*, 263 F.3d 708, 731 (7th Cir. 2001).  Morales Aurelia makes no hint toward either point.  Furthermore, the Court notes that counsel was able to negotiate a plea where the Government agreed to drop two of the three charges against Morales Aurelia, an overall positive result from the plea negotiations.  In the absence of any suggestion of an incompetent failure to object at Morales Aurelia's guilty plea, he is not entitled to § 2255 relief on this basis.

        3.    ¶ 3:  Failure to Object to the PSR

Morales Aurelia asserts that his counsel was constitutionally ineffective because she failed to object to the PSR.  However, he has not identified any incorrect information or conclusion in the PSR and indeed, at sentencing, he agreed that he had no objections:  "The report is fine."  Sentencing Transcript 5:12 (No. 20-cr-40020-JPG, Doc. 61).  And there is no objection counsel could have made that could possibly have resulted in any lower sentence for Morales Aurelia; the Court sentenced him to the lowest sentence permitted by statute.  Counsel filed a sealed sentencing memoranda arguing in favor of the statutory minimum sentence, and no other argument she could have raised could have resulted in any lower sentence.  Morales Aurelia is not entitled to § 2255 relief on this basis.

        4.    ¶ 6:  Failure to Argue that Petitioner Did Not Understand Proceedings

Morales Aurelia asserts that his counsel was constitutionally ineffective because she failed to argue that, because of a language barrier—his native language is the obscure Mexican

dialect of Mixteco—he did not understand the trial proceedings. There was no trial, so the Court presumes Morales Aurelia is referring to the plea and sentencing hearings.

At both hearings, an interpreter translated between Spanish and English for the petitioner. At the plea hearing specifically, the Court became aware that Morales Aurelia even had very limited Spanish skills, but advised the petitioner to let the Court know through the interpreter if there was anything he did not understand. Twice, Morales Aurelia asked that something be repeated, but other than that, he never indicated he did not understand something, and he responded appropriately to questions as if he understood them.

Again, at the sentencing, the Court asked Morales Aurelia to raise his hand if he did not understand or hear something. Often his responses to the Court's questions were more than just a "yes" or "no," and he made an eloquent, albeit short, allocution in Spanish. And finally, the Court notes that Morales Aurelia's counsel has not been shy in the past about ensuring that her client understands the proceedings and requesting whatever time is necessary to make sure he does. She expressed no such concerns in this case. There was simply no indication in this case from which reasonable counsel would have detected any substantial miscommunication because of a language barrier. In light of the record of the plea and sentencing, the Court declines to accept Morales Aurelia's *post hac* assertions that he did not understand the proceedings.

        5.     Appellate Counsel

Morales Aurelia has not alleged any specific deficiency of counsel on appeal. The Court of Appeals for the Seventh Circuit found her *Anders* brief adequate, and dismissed the appeal. The petitioner has not suggested why he might be entitled to § 2255 relief on this basis.

**III.**    **Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings and Rule 22(b)(1) of

the Federal Rules of Appellate Procedure, the Court considers whether to issue a certificate of appealability of this final order adverse to the petitioner.   A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001).   To make such a showing, the petitioner must "demonstrate that reasonable jurists could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further."   *Ouska*, 246 F.3d at 1046; *accord Buck v. Davis*, 137 S. Ct. 759, 773 (2017); *Miller-El v. Cockrell*, 537 U. S. 322, 327 (2003).   The Court finds that Morales Aurelia has not made such a showing and, accordingly, declines to issue a certificate of appealability.

**IV.   Conclusion**

For the foregoing reasons, the Court finds that it is plain from the motion and the record of the prior proceedings that the petitioner is not entitled to relief on his motion.   Accordingly, the Court **DENIES** Morales Aurelia's motion (Doc. 1), **DECLINES** to issue a certificate of appealability, and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:   August 3, 2022**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
